NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 23, 2016
Decided May 25, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 15-2680

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 15-CR-02 |
| PAUL W. STEWART, *Defendant-Appellant.* | James D. Peterson, *Judge.* |

**O R D E R**

After selling heroin to undercover officers, Paul Stewart pleaded guilty to one count of possessing heroin with intent to distribute. 21 U.S.C. § 841(a)(1). The district court determined that Stewart was a career offender, *see* 21 U.S.C. § 851(a), and sentenced him to 151 months' imprisonment, the bottom of the calculated guidelines range. Stewart filed a notice of appeal, but his appointed lawyer, who also represented Stewart in the district court, asserts that the appeal is frivolous and seeks to withdraw. *See Anders v. California*, 386 U.S. 738 (1967). Stewart has not accepted our invitation to respond to counsel's motion. *See* CIR. R. 51(b). Counsel has submitted a brief that explains the nature of the case and addresses potential issues that an appeal of this kind might be expected to involve. Because the analysis in counsel's brief appears to be

thorough, we limit our review to the subjects discussed by counsel. *See United States v. Bey*, 748 F.3d 774, 776 (7th Cir. 2014); *United States v. Wagner*, 103 F.3d 551, 553 (7th Cir. 1996).

Counsel first considers whether Stewart could challenge the voluntariness of his guilty plea or the adequacy of the plea colloquy. Counsel does not say, however, if he consulted Stewart about challenging his conviction on this ground. *See United States v. Konczak*, 683 F.3d 348, 349–50 (7th Cir. 2012); *United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002). Regardless, our own review of the record persuades us that any challenge to the plea would be frivolous. The transcript demonstrates that the district court substantially complied with the requirements of Federal Rule of Criminal Procedure 11. *See Konczak*, 683 F.3d at 349; *United States v. Bowlin*, 534 F.3d 654, 656–57 (7th Cir. 2008). The court neglected to mention the possibility of forfeiture or restitution, *see* FED. R. CRIM. P. 11(b)(1)(J), (K), but the omission was inconsequential because the court did not impose these financial penalties. *See United States v. Schuh*, 289 F.3d 968, 975 (7th Cir. 2002); *United States v. Fox*, 941 F.2d 480, 484–85 (7th Cir. 1991).

Counsel next considers whether Stewart could argue that his 151-month prison term is substantively unreasonable but correctly concludes that such a challenge would be frivolous. The court imposed the lowest sentence recommended by the guidelines, and within-guidelines prison sentences are presumed reasonable on appellate review. *Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Martinez*, 650 F.3d 667, 671 (7th Cir. 2011). Counsel has not identified any reason to question the presumption of reasonableness, nor have we. Counsel acknowledges that the district court weighed the sentencing factors in 18 U.S.C. § 3553(a), in particular Stewart's "extensive" criminal history (noting that defendant's criminal history in the last 10 years has "shown a commitment to a life of crime"), the seriousness of his offense (stating that his drug crimes involved aggressive, violent behavior including the use of a BB gun), and the need to provide him with educational or vocational training (acknowledging that Stewart likely had chosen a life of crime because he did not have job skills or job history that would enable him to secure conventional employment).

Counsel's motion to withdraw is GRANTED, and the appeal is DISMISSED.